Harold LeMaster *et al.*, Plaintiffs-Appellants, *v.* Timothy Burns, Defendant-Appellee.

(No. 68-137; ▮▮▮▮▮▮▮▮▮▮

Fifth District—January 21, 1971.

Chapman, Strawn & Kinder, of Granite City, for plaintiffs-appellants.

Roberts, Gundlach & Lee, of East St. Louis, for defendant-appellee.

PER CURIAM:

Harold LeMaster and Madeline LeMaster brought this action against Timothy Burns in the circuit court of Madison County for injuries they received in a fire at defendant's home. The case was tried to a jury which could not reach a decision and the court declared a mistrial. Defendant thereafter moved for a directed verdict on the ground that the evidence showed as a matter of law that he was not negligent or, in the alternative, that plaintiffs were contributorily negligent. The court found plaintiffs were guilty of contributory negligence as a matter of law and entered judgment for defendant. Plaintiffs appeal from this judgment.

On May 29, 1966, plaintiffs went to defendant's home to help him and his wife remove asphalt tile from the kitchen and dining room floor. After removing the tile, they began to clean the tile mastic from the floor with white gasoline. Shortly after they began using the gasoline a flash fire ignited in the room. Plaintiffs' expert witness testified that he thought the gasoline was ignited by a pilot light on the gas water heater located in the utility room. Defendant's expert said he thought the gasoline was ignited by the friction heat of the rubbing action on the mastic and on the concrete, or static electricity, or a spark cause by movement of the pan containing the gasoline on the concrete floor.

The basis of plaintiffs' action is that defendant was negligent in furnishing white gasoline for removing the tile mastic and failing to extinguish the pilot lights on gas appliances before using the gasoline. There is evidence in the record tending to support this position.

■■ Defendant argues, however, that "plaintiffs knew that gasoline was being used and participated in the use of gasoline, and therefore, were contributorily negligent as a matter of law." No other basis for finding plaintiffs contributorily negligent is suggested and we find none in the record. The use of white gasoline to remove tile mastic from a concrete floor obviously requires great caution, but using gasoline for this purpose does not, of itself, constitute negligence or contributory negligence as a matter of law. We hold, therefore, that the trial court erred in

finding that plaintiffs were contributorily negligent as a matter of law. ██ Plaintiffs also argue that the trial court erred in denying their pre-trial motion for an order excluding any mention before the jury of the fact that defendant's wife died as a result of burns received in the fire. When this case is retried defendant may, of course, explain the absence of his wife at the trial by showing that she is now deceased. The cause of her death is, however, immaterial and might be prejudicial to plaintiffs. (See *Minga v. Jack Cole Co., Inc.*, 12 Ill.App.2d 556, 140 N.E.2d 383.) We think plaintiffs are entitled to such an order.

The judgment of the circuit court of Madison County is reversed and the cause is remanded for a new trial.

Reversed and remanded.